[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 2334
On September 6, 1995 the marriage of the parties was dissolved by a judgment of this court (Dranginis, J.). That judgment incorporated a stipulated agreement of the parties which included provisions for custody and visitation of the parties' minor child, Jazmin.
On September 27, 1999 the parties stipulated to a modification of that judgment as it relates to visitation. Their stipulated agreement provided in part, "the father shall be with the minor child on his days off from work." There was no request by the defendant-father at that time for a reduction in his child support obligation.
At the hearing regarding the instant motion, evidence was elicited that permits to find that by modifying the original judgment to provide for visitation by father "on his days off from work", there was no appreciable increase in the amount of visitation time he already enjoyed under the original judgment.
There has been no change in the visitation orders since September 27, 1999, however the defendant father has, in fact, enjoyed additional visitation time each week by an informal agreement of the parties which apparently has been mutually beneficial. He has also voluntarily provided for additional expenses for the child.
The father has now moved for a modification of his child support obligation based upon the additional time spent with the child and in view of his voluntary expenditures for the child.
There is a motion for modification of visitation pending in this case but which has not yet been heard by the court.
Unless and until there is a court-ordered change in the visitation, the defendant's addition parenting time and contributions to the child's expenses must be considered gratuitous and non binding on the father and subject to suspension or termination at will by him at any time.
For the above reasons, the motion to modify child support is denied. CT Page 2335
By the Court,
Joseph W. Doherty, Judge